MR. JUSTICE GULBRANDSON,
specially concurring:
I concur in the result, but because of dicta in the last paragraph, I cite Missouri v. Hunter, U.S., 103 S.Ct. 673, 74 L.Ed. 2d 535 (1983) where the court stated:
“Our analysis and reasoning in Whalen and Albernaz lead inescapably to the conclusion that simply because two criminal statutes may be construed to proscribe the same conduct under the Blockburger test does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes. The rule of statutory construction noted in Whalen is not a constitutional rule requiring courts to negate clearly expressed legislative intent. Thus far, we have utilized that rule only to limit a federal court’s power to impose convictions and punishments when the will of Congress is not clear. Here, the Missouri Legislature has made its intent crystal clear. Legislatures, not courts, prescribe the scope of punishments.
“Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the “same” conduct under Blockburger, a court’s task of statutory construction is at *119 an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.”
MR. CHIEF JUSTICE HASWELL concurs in the foregoing special concurring opinion of MR. JUSTICE GULBRANDSON.